The opinion of the Court was delivered by

Mr. Justice JYott.

The act to which we are now . called upon to give construction is in the following words — “If any fax collector within, this state shall neglect or refuse to make his return, and pay the taxes received by him within the limit prescribed by law, it shall he the duty of the treasurer, and he is hereby required *89 in addition to the coercive power which he now possesses, to -charge the said tax collector with interest at the rate of fifteen per cent., from the time he ought to have made such return, and paid such taxes to the time of such settlement.”
These cases have been submitted to us without argument on the part of the defendants. We are, therefore, uninformed of .the grounds on which they claim exemption from the requisites of the act. The counsel on the part of the state appears to have anticipated two grounds of defence.
1. Th at the Legislature cannot prescribe a different rate of interest,in cases of debts due the state, from those due to individuals.
2. That the fifteen per cent., required by the act to be paid must be considered in the nature of a penalty imposed upon the tax collector for neglect of duty, and, therefore, cannot be extended to his securities.
I have no doubt but that the Legislature are competent to regulate the rate of interest, both with regard to debts due the state and individuals, in any maimer they may think proper; and that they may vary the rates' according to the nature ■ of the debts, without any violation of their constitutional powers. And I have as little doubt that such a distinction might have a salutary influence on the conduct of attornies, executors, and guardians, and all public officers .who neglect to pay over monies in their hands at the times required by law. A want of promptitude in the discharge of those duties is an evil which calls loudly for redress. And in no case can it be more necessary than that of a tax collector, upon whose punctuality the fiscal operations of the government so much depend. I have no doubt, therefore, either of the constitutionality or policy of the measure.
If it was a penalty imposed upon the tax collector for neglect of duty, I should be of opinion it could not be visited upon his securities. But it is only an increased rate of interest which he is required to pay .for the use of money belonging to the public. And whatever he is liable to pay, falls upon his securities in case of his default, by the very nature of their undertaking. And they .can have no cause Of complaint; for they may relieve themselves from the interest at any time, by paying up thé principal. The motion must, therefore, he granted.
Johnson. Cohock, Justices, concurred^